IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ASTRID ROBLES FIGUEROA
Plaintiff

vs

MUNICIPALITY OF SAN JUAN
Defendant

CIVIL 18-1672CCC

**OPINION AND ORDER**

Before this Court is defendant Municipality of San Juan's Motion to
Dismiss filed on November 3, 2018 under Fed. R. Civ. P. 12(b)(1) for lack of
subject matter jurisdiction and request that this court decline jurisdiction over
supplemental claims (**d.e. 6**).  Also before the Court are defendant's Alternative
Motion to Dismiss filed on March 6, 2019, which asserts that plaintiff's
complaint should be dismissed because of failure to join a required party under
Rule 12(b)(7) (**d.e. 16**), and defendant's Motion for Leave to File Limited
Response to Sur-Reply filed on March 13, 2019 (**d.e. 19**).  Having considered
defendant's motions and replies filed December 28, 2018 (d.e. 10) and
March 6, 2019 (d.e. 16), plaintiff's response filed December 5, 2018 (d.e. 8),
and plaintiff's sur-reply filed March 8, 2019 (d.e. 18), defendant's motions are
DENIED.

## I.   BACKGROUND

On September 12, 2018, plaintiff filed an employment discrimination
action in federal court against the Municipality of San Juan under Title VII, the
Equal Pay Act, and Puerto Rican law No. 100-1959, 29 L.P.R.A. §§ 145 et seq.
(d.e. 1).  The complaint alleges that the defendant employer discriminated

CIVIL 18-1672CCC                    2

against the plaintiff employee on the basis of sex, and that plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) on or about November 25, 2015. The complaint states that after investigation, EEOC found "reasonable cause to believe that the Respondent violated Title VII and the EPA." It alleges that EEOC initiated conciliation but that the Municipality declined to participate. The EEOC referred the matter to the Department of Justice, which issued plaintiff a Notice of Right to Sue on June 15, 2018. Plaintiff then filed the case at bar.

## II.    DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS

Defendant challenges the facts stated in the complaint and alleges that the EEOC failed to offer it an opportunity for conciliation prior to referring the case to the Department of Justice (d.e. 6). According to defendant, the Court lacks subject matter jurisdiction since the case is premature and must be sent back to the EEOC for conciliation efforts. Defendant attached multiple exhibits to bolster its argument that the EEOC failed to make conciliation efforts.

As a preliminary matter, the EEOC filing requirement does not apply to claims filed under the Equal Pay Act. Defendant does not offer any other grounds for dismissal of the Equal Pay Act claims; therefore, its motions only apply to the Title VII claims.

Defendant relies heavily on *Mach Mining LLC.* v. EEOC, 135 S. Ct. 1645 (2015), in which the Supreme Court of the United States held that the EEOC must meet its statutory obligation to attempt conciliation with an employer as a "precondition" for it to bring a lawsuit against an employer for discrimination. No federal court has cited *Mach* in the context of a Title VII

CIVIL 18-1672CCC                    3

action brought by an individual, rather than by the EEOC, or, in the context of subject matter jurisdiction.  Jurisdiction is never addressed in *Mach*.

The defendant also cites to *Bah v. Alsco Co.*, 2018, U.S. Dist. LEXI 179155, 2018 WL 5085517.   However, *Bah* offers no support to defendant's argument that the EEOC's failure to pursue conciliation is a jurisdictional issue.  First, *Bah* concerned the legal standard for failure to state a claim under 28 U.S.C. § 1915.  It did not address jurisdiction.  Second, *Bah* was dismissed without prejudice as premature because the *pro se* complaint did not allege exhaustion of administrative remedies.  Evidence of EEOC's compliance was not considered.    Rather than ripeness, administrative exhaustion was at the heart of *Bah*.

The First Circuit has concluded that whether the plaintiff exhausted administrative remedies prior to filing suit in federal court is not a jurisdictional issue.  *See Vera v. McHugh*, 622 F.3d 17, 29-30 (1st Cir. 2010) ("Although typically a failure to exhaust administrative remedies will bar suit in federal court, the exhaustion requirement is not a jurisdictional prerequisite to filing a Title VII claim in federal court."); *Jorge v. Rumsfeld*, 404 F.3d 556, 565 (1st Cir. 2005) ("[A]n employee's failure to follow the administrative route to its due completion does not automatically doom a Title VII claim.   The charge-filing requirement is mandatory but not jurisdictional.")  For instance, in *Frederique-Alexandre v. Dep't of Nat'l & Envtl. Res.*, 478 F.3d 433 (1st Cir. 2007), the plaintiff filed a Title VII claim before receiving a notice of right to sue and before the EEOC completed the conciliation process.  The court granted summary judgment to the defendant because there was no

CIVIL 18-1672CCC                    4

factual dispute that plaintiff did not exhaust his administrative remedies, but explicitly stated that "the exhaustion requirement is not a jurisdictional prerequisite." *Id.* at 440.  If the actions of an employee in failing to complete the EEOC process are not a jurisdictional bar, then the sufficiency of the action taken by the EEOC cannot be a jurisdictional bar either.   Because administrative exhaustion does not implicate jurisdiction, defendant's Rule 12(b)(1) motion must fail.

If the Court reexamines the motion to dismiss under the more appropriate ground of Rule 12(b)(6) for failure to state a claim upon which relief can be granted, only pleadings and documents referenced by or integral to pleadings may be examined.  Plaintiff's EEOC complaint, the EEOC determination, and the EEOC letter informing defendant of the decision to refer the case to the Department of Justice are integral to and referenced by the pleadings.  The emails, letters, and affidavits submitted by defendant as evidence of EEOC's inaction are not and, therefore, cannot be considered.  According to the complaint, all administrative remedies were exhausted by plaintiff (d.e. 1, allegation 1.3) and the EEOC invited the parties to engage in conciliation, which defendant refused (d.e. 1, allegation 3.9).  On the basis of the pleadings, defendant's Motion to Dismiss under Rule 12(b)(6) must be denied.

Finally, because defendant's motion includes information outside of the pleadings, the Court may treat it as a motion for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d).  However, when so doing, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Because defendant presented the motion to dismiss

CIVIL 18-1672CCC                    5

on jurisdictional grounds, plaintiff was not given reasonable notice to present additional information outside the pleadings.  Additionally, based on plaintiff's pleading and defendant's evidence, there is a genuine dispute of material fact as to the EEOC's actions regarding conciliation.

## III.   RULE 12(b)(7) ALTERNATIVE MOTION TO DISMISS

Defendant improperly appended an Alternative Motion to Dismiss to defendant's reply brief filed March 7, 2019 (d.e. 16).  Nonetheless, the Court will address the motion in the interest of expediency.  Defendant argues in the alternative that plaintiff's complaint must be dismissed because she has failed to join the EEOC, which defendant identifies as a party that must be joined under Rule 19(a).  Defendant reasons that further conciliation efforts are required and that the EEOC can only be ordered to pursue conciliation if it is a party.

Title VII clearly states that individual plaintiffs may sue employers under Title VII without the involvement of the EEOC or the Department of Justice in the litigation.  This is the intended purpose of the "Notice of Right to Sue": to allow employees to file a civil action against employers independently. Defendant may counter that unlike other cases brought by individual employees, this case can only proceed after further conciliation efforts. However, there is a dispute as to the material facts of EEOC's conduct due to conflicts between plaintiff's complaint and the evidence submitted by defendant, and the Court cannot conclude at this time that further conciliation efforts are necessary.  Therefore, under a plain reading of Rule 19(a), not

CIVIL 18-1672CCC                              6

joining the EEOC will not affect the granting of relief, impair EEOC's interests, or place another party at risk of increased obligations.

## IV.    DEFENDANT'S MOTION FOR LEAVE TO FILE LIMITED RESPONSE TO SUR-REPLY

Defendant requests leave to file a limited response to plaintiff's sur-reply on the issues of *Mach Mining* and the limitations on extrinsic materials under Rule 12(b)(1) (d.e. 19).  Defendant has had sufficient opportunity to address, and in fact has addressed, these issues in its previous briefing.

## V.    CONCLUSION

Because the Court has subject matter jurisdiction over plaintiff's Title VII action against defendant Municipality of San Juan, its Motion to Dismiss under Rule 12(b)(1) is DENIED.  For the same reason, defendant's request that the Court decline supplemental jurisdiction is DENIED.  The EEOC is not a party that must be joined under Rule 19(a); therefore, defendant's Alternative Motion to Dismiss is also DENIED.

Defendant has had sufficient opportunity to address the issues raised in plaintiff's sur-reply, therefore, its Motion for Leave to File Limited Response to Sur-Reply is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on April 5, 2019.


S/CARMEN CONSUELO CEREZO
United States District Judge