IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ASTRID ROBLES-FIGUEROA,<br><br>Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF SAN JUAN,<br><br>Defendant. | CIV. NO.: 18-1672 (SCC) |

**OPINION AND ORDER**

Plaintiff Astrid Robles-Figueroa brought this action under the Court's original jurisdiction against Defendant Municipality of San Juan (the "Municipality") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et seq.* ("Title VII"), the Equal Pay Act, 29 U.S.C. § 206(d) (the "EPA") and, invoking the Court's supplemental jurisdiction, Puerto Rico Law No. 100-1959, 29 L.P.R. §§ 146 *et seq.* ("Law 100").[1] *See* Docket No. 1. Pending before the Court is Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. *See* Docket No. 23. Plaintiff opposed and filed a counter statement of material facts. *See* Docket Nos. 31, 32. For

---

[1] While Defendant briefly states that it requests summary judgment as to "all allegations in Plaintiff's Complaint," it makes no specific mention nor mounts any arguments under Law 100. *See* Docket No. 23. Therefore, this Opinion and Order applies only to Plaintiff's claims under the EPA and Title VII, and we leave her state law claim untouched.

the reasons stated herein, Defendant's Motion for Summary Judgment is DENIED.

## I. Background

On September 12, 2018, Plaintiff filed a complaint alleging wage discrimination based on her gender during her employment with Defendant in violation of the EPA and Title VII, as well as Puerto Rico state law. *See* Docket No. 1. Specifically, she alleges that, as an Auditor for the Municipality, she performed substantially equal work as other male employees but received a lesser salary. *See id.* at pg. 3. Defendant moved to dismiss the claims under Federal Rule of Civil Procedure 12(b)(1), arguing that the Equal Employment Opportunity Commission ("EEOC") failed to complete the conciliation process that was to follow after Plaintiff filed a complaint with that agency. *See* Docket No. 6, Ex. 1. Defendant then filed an Alternative Motion to Dismiss, asserting that Plaintiff's Complaint should be denied because of her failure to join a required party – the EEOC – under Federal Rule of Civil Procedure 12(b)(7). *See* Docket No. 16. The Court denied both Motions. *See* Docket No. 20.

After discovery, Defendant then moved for summary judgment under Rule 56, arguing that only one other male employee earned a salary higher than Plaintiff's, the duties of that employee's job were different than that of Plaintiff's and that the discrepancy in pay was nonetheless justified given the male employee's skills, thereby defeating Plaintiff's EPA

and Tile VII claims and warranting judgment as a matter of law. *See* Docket No. 23, Ex. 12. Plaintiff opposed, arguing that she performed substantially the same work as the male employee for lesser pay, and therefore summary judgment is warranted in her favor. *See* Docket No. 36.

## II. Undisputed Facts

In order to make its factual findings for the purposes of this Opinion and Order, the Court considered Defendant's Statement of Uncontested Material Facts ("DSUMF") at Docket Number 23, Exhibit 1, Plaintiff's Opposing Statement of Material Facts ("POSMF") and Plaintiff's Separate Additional Facts ("PSAF"), both found at Docket Number 31, and Defendant's Counterstatement of Separate Additional Facts ("DCSAF") at Docket Number 35. The factual findings are as follows:

1. Plaintiff was hired by Defendant as Auditor I on April 16, 2008. DSUMF ¶ 11; POSMF ¶ 11.

2. Plaintiff was employed by Defendant until July of 2015. DSUMF ¶ 21; POSMF ¶ 21.

3. Plaintiff began her employment as a" transitory" term employee at a salary of $1,666 per month, which was increased to $1,891 per month on June 30, 2008. DSUMF ¶¶ 55-56; POSMF ¶¶ 55-56.

4. On August 21, 2008, Plaintiff was appointed to a career permanent position and was given a salary increase

from $1,891 per month to $2,168 per month. DSUMF ¶ 11; POSMF ¶ 11.

5. Plaintiff's salary was again raised on February 29, 2012 to $2,443 per month as part of her promotion from Auditor I to Auditor II. DSUMF ¶ 58; POSMF ¶ 58.

6. Plaintiff holds a bachelor's degree in Business Administration, Accounting from the University of Puerto Rico, a master's degree in System Auditing from Sacred Heart University, and a second master's degree in Information System Security and Fraud Investigation or Examination from EDP University. PSAF ¶¶ 1-3; DCSAF ¶¶ 1-3.

7. During Plaintiff's tenure with Defendant, only one other male auditor earned a salary higher than that of Plaintiff, José Velázquez López ("Velázquez"). DSUMF ¶¶ 13-20; POSMF ¶¶ 13-20.

8. Velázquez was hired by Defendant as Auditor II on July 1, 2014 in a "transitory" term appointment. DSUMF ¶ 29; POSMF ¶ 29.

9. The hiring of Velázquez came at a transition time in the government of San Juan, and Defendant, under new administration, needed to engage in multiple internal audit inquiries aimed at "probing the prudent and lawful utilization of resources to ensure the transparency of the extant and past processes within the Municipality." DSUMF ¶ 6; POSMF ¶ 6.

10. Velázquez holds a bachelor's degree from Metropolitan University in San Juan and a master's degree from the University of Puerto Rico in Business Administration and completed the requirements for a second specialty in human resources with fifteen credit hours. DSUMF ¶¶ 30-32; POSMF ¶ 30-32.

11. Velázquez was previously employed as Auditor with Puerto Rico's Department of Education from September 2004 through September 2008 and as Auditor II with Puerto Rico's General Services Administration from September 2008 through November 2009, where he conducted fiscal interventions to determine legality and compliance. DSUMF ¶¶ 33-34; POSMF ¶¶ 33-34.

12. He also previously worked as Auditor with the Sistema Universitario Ana G. Méndez from January through July 2011, where he conducted annual pre-interventions for the Federal Scholarship Programs and dealt with the fiscal policy of enrollment processes for that entity. DSUMF ¶ 35; POSMF ¶ 35.

13. Velázquez then worked as Staff Auditor at Baker Tilly Puerto Rico from September 2011 through January 2013, where he prepared consolidated internal and external financial statements, conducted financial audits and conducted external audits on colleges and universities. DSUMF ¶ 36; POSMF ¶ 36.

14. Finally, Velázquez worked as an accountant for CMR & CO., Certified Public Accountants and Consulting Advisors at some time immediately preceding his employment with Defendant. DSUMF ¶ 37; POSMF ¶ 37.

15. Velázquez's appointment to his position with Defendant was requested by the Director of Internal Audit Office of the Municipality Zuleika Feliú Padilla ("Director Feliú") to strengthen a depleted Internal Audit Office and in an attempt to seek a more transparent public administration and was based on Velázquez's seven years of experience with both internal and external auditing and other special financial skills. DSUMF ¶¶ 38-39; POSMF ¶¶ 38-39.

16. According to the published pay scales for the Municipality, Velázquez was to be hired at scale 12, step 5, which qualified as a "salary by exception" and was specifically requested by Director Feliú based on his skillset, experience and educational background. Under that compensation structure, Velázquez's salary was $2,703 per month, which stayed the same throughout his tenure. DSUMF ¶¶ 33-34, 40, 44-45; POSMF ¶¶3-34, 40, 44-45; Docket No. 23, Ex. 4, pg. 25.

17. Both the Code for the Administration of Personnel Affairs for the Municipality and the Manual of Proceedings for the Unit of Classification and

  Compensation, Office of Human Resources of the Municipality allow the offering of salaries higher than those assigned in a particular salary scale when the position requires special knowledge or when there is a need to retain personnel or when difficulty in recruiting personnel exists. DSUMF ¶¶ 42-43; POSMF ¶¶ 42-43; Docket No. 23, Ex. 4, pgs. 28-29, 32-33.

18. Plaintiff filed a charge against Defendant with the EEOC alleging gender discrimination under Title VII, and the EEOC issued a determination that Defendant had discriminated against plaintiff based on her sex in her salary. PSAF ¶¶ 24-25; Docket No. 6, Exs. 3-4.

### III.  Standard of Review

A Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. That Rule states, in pertinent part, that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Zambrana-Marrero v. Suárez-Cruz*, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"). Thus, the party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex v. Catrett*, 477

U.S. 317, 323 (1986). Once the movant meets this burden, the burden then shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 324.

According to Rule 56, in order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine." This means that, as the Supreme Court has stated, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248 (1986). Thus, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Mack v. Great Atl. and Pac. Tea Co., Inc.*, 871 F.2d 179, 181 (1st Cir. 1989).

In making this assessment, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith*, 905 F.2d 112, 115 (1st Cir. 1990). The Court may safely ignore, however, "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

## IV. Analysis

A. *Equal Pay Act Claim*

The EPA prohibits wage discrimination "between employees on the basis of sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). Thus, to establish a *prima facie* case of discrimination under the EPA, a plaintiff must establish that the employer paid different wages to specific employees of different sexes for "substantially equal work." *Rodríguez v. Smithkline Beecham*, 224 F.3d 1, 6 (1st Cir. 2000); *see also Corning Glass Woks v. Brennan*, 417 U.S. 188, 195 (1974) (explaining that to establish a *prima facie* case under the EPA a plaintiff must show that the employer paid different wages to a member of the opposite sex for jobs performed under similar working conditions and requiring "equal skill, effort and responsibility"); *Ingram v. Brink's, Inc.*, 414 F.3d 222, 232 (1st Cir. 2005).

Once the plaintiff establishes a *prima facie* case of unlawful wage discrimination, the burden shifts to the employer to show that the differential is justified under one of the EPA's four exceptions: the payment was made pursuant to a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a differential based on any other factor other than sex. 29 U.S.C. § 206(d)(1);

*see also Corning Glass Works*, 417 U.S. at 196; *Ingram*, 414 F.3d at 232.

Here, Plaintiff contends that she need only establish that one male employee, Velázquez, received a higher salary for the same job in order to succeed on her EPA claim. As such, we look only at those material facts relating to Plaintiff and Velázquez's employment with Defendant to analyze her claim. In that context, summary judgment as to Plaintiff's EPA claim is inappropriate because the material facts that would support a finding of *prima facie* wage discrimination, and therefore the outcome of this case, are genuinely in dispute.

Most importantly, the parties cannot agree upon the basic duties of both Plaintiff and Velázquez's employment with Defendant, nor on the skills required to complete those duties. Plaintiff argues that she and Velázquez occupied the exact same position and performed similar tasks, and she has therefore made out a *prima facie* claim under the EPA. Defendant, however, maintains that, though Plaintiff and Velázquez's job titles were the same, Velázquez's "functions, duties and responsibilities were distinct and dissimilar with regard to demand, skill requirement, breadth and responsibilities than those of Plaintiff." Docket No. 36, pg. 5. According to Defendant, Velázquez performed tasks not included in Plaintiff's job and was assigned multiple special tasks that Director Feliú "deemed could not be assigned to

any other auditor because of the confidential nature, the requirement for specialized expertise and the need for trust in the handling of the matter." Docket No. 23, ¶¶ 51-53.

Defendant also argues that, even if Plaintiff could establish a *prima face* case of wage discrimination, the different salaries are justified under a "merit system." Defendant argues that Velázquez possessed special skills and qualifications that were necessary to perform the particular job for which he was hired at a transitionary time for the Municipality. Conversely, Plaintiff contends that she is in fact more highly educated and more qualified than Velázquez for the position. However, without an accurate accounting of the jobs performed by Plaintiff and Velázquez, it is impossible for the Court to determine if either of these two employees merited the position more, and therefore whether the exception applies.

A wage discrimination claim under the EPA is based on different pay for substantially equal work. Here, however, the facts on the record do not make clear whether Plaintiff and Velázquez performed substantially equal work *vel non*. Thus, because Defendant has failed to show "that there is no genuine dispute as to any material fact" under Rule 56, we cannot at this time rule that summary judgment in Defendant's favor is warranted as a matter of law. Fed. R. Civ. P. 56(a). For the same reasons, summary judgment in Plaintiff's favor is also inappropriate.

B. *Title VII Claim*

Title VII protects against workplace discrimination on the basis of certain protected categories, including sex. 42 U.S.C. § 2000e *et seq*. In the absence of direct evidence of discrimination, the First Circuit employs the *McDonnell Douglas* burden-shifting framework to evaluate whether a plaintiff can make out an inferential case of the alleged discrimination. *See Rivera-Rivera v. Medina & Medina, Inc.*, 898 F.3d 77 88 (1st Cir. 2018) (citing *McDonnell Douglas Corp. v. Green*, 411 US. 792 (1973)); *Lockridge v. Univ. of Maine Sys.*, 597 F.3d 464, 470 (1st Cir. 2010).

Under this analysis, a plaintiff must first show that a *prima facie* case of employment exists. Under Title VII, a *prima facie* case of discrimination in compensation can be demonstrated where a plaintiff shows "(1) [s]he is a member of a protected class; (2) [s]he met [her] employer's expectations; (3) [s]he suffered adverse employment action with respect to compensation; and (4) similarly-situated employees outside the protected class received more favorable treatment." *Prescott v. Higgins*, 538 F.3d 32, 40 (1st Cir. 2008). Such a showing is "not onerous and is easily made." *Kosereis v. Rhode Island*, 331 F.3d 207, 213 (1st Cir. 2003).

Moving on to step two, if such a showing can be made, then there is an inference of discrimination and "the burden of production shifts to the defendant to produce evidence 'that the adverse employment actions were taken for a

legitimate, nondiscriminatory reason.'" *Cham v. Station Operators, Inc.* 685 F.3d 87, 94 (1st Cir. 2012) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993)). If the employer can demonstrate such a reason, the analysis then progresses to step three: "[i]f the defendant carries this burden of production, [then] the plaintiff must prove, by a preponderance, that the defendant's explanation is a pretext for unlawful discrimination." *Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 221 (1st Cir. 2007).

Having laid out the framework, we now turn to the present case. We find that for the same reasons that summary judgment is inappropriate as to Plaintiff's EPA claim, summary judgment is not warranted regarding Plaintiff's Title VII claim. Plaintiff argues that, especially in light of the EEOC ruling[2], the uncontested material facts show that she performed equivalent work to Velázquez and that Defendant has failed to present a non-discriminatory reason for his higher salary given her educational background and other qualifications, and therefore summary judgment on her Title VII claim is warranted in her favor. Defendant argues that Velázquez in fact performed more complex and specialized tasks that were not part of Plaintiff's job description, and his

---

[2] We note that the EEOC determination is not binding on this Court. *See Smith vs. Massachusetts Inst. of Tech.*, 877 F.3d 1106, 1113 (1st Cir. 1989); *Nieves Pérez v. Doctors' Ctr. Bayamon*, No. 09-2212, 2011 WL 1843057, at *6 (D.P.R. May 16, 2011). Moreover, we find the EEOC determination unpersuasive here, as it is unclear upon which facts that determination was made and whether those facts correspond with the record before us.

unique skillset and background justified the increased salary, thereby defeating Plaintiff's Title VII claim.

It is uncontested that Plaintiff is a member of a protected class and that she suffered adverse employment action (earning a lesser salary than a male co-worker), and Defendant does not argue that Plaintiff did not meet her employer's expectations. Yet, as discussed *supra*, because it is impossible to determine based on the conflicting material facts before us whether Plaintiff and Velázquez were "similarly-situated," we cannot summarily rule as a matter of law on Plaintiff's Title VII claim.

## V.     Conclusion

Having carefully examined the arguments raised by the parties, Defendant's Motion for Summary Judgment at Docket Number 23 is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of May 2021.

                S/ SILVIA CARREÑO-COLL
                UNITED STATES DISTRICT COURT JUDGE